UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENAL ELLIS,<br><br>                **Plaintiff,**<br><br>     - against -<br><br>THE CITY OF NEW YORK, et al.,<br><br>                **Defendants.** | **OPINION**<br><br>06 Civ. 4827 (LTS) (RLE) |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

Plaintiff, Renal Ellis ("Ellis"), brings this action against defendants, the City of New York; Police Officer Michael La Vecchia; and Sergeant Jay Santana ("the City"), alleging violations of 42 U.S.C. § 1983 and the First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution.  On October 10, 2006, United States District Judge Laura T. Swain referred the case to the undersigned for pretrial supervision.  After the close of discovery, the case was referred back to Judge Swain for trial.  On June 1, Ellis moved to quash a subpoena issued by the City, and, on June 4, 2007, Judge Swain referred the case for resolution of this issue.  Pending before the Court is plaintiff's motion to quash a subpoena for plaintiff's tax returns, and defendants' motion to compel plaintiff to provide a release permitting defendants to obtain his arrest records.  For the following reasons, plaintiff's motion is **GRANTED**, and defendants' motion is **DENIED**.

## II.  BACKGROUND

Ellis claims that, on August 19, 2005, La Vecchia and Santana subjected him to false arrest, retaliation, excessive force, fabricated evidence and malicious prosecution.  First

Amended Complaint ("Compl."), ¶ 1.  Ellis asserts that, on the day in question, the police had visited his home, and that he had gone to the 71st Police Precinct to ask what the purpose of the visit had been.  **Id**. ¶ 8.  After waiting several hours, La Vecchia asked him why he was at the precinct.  **Id**. ¶¶ 10-12.  Ellis claims that, when he told La Vecchia why he was there, La Vecchia told him he had no information and threatened to arrest him if he did not leave immediately.  **Id**. ¶ 12.  When Ellis did not leave, La Vecchia, with the approval of Santana, arrested him.  **Id**. ¶ 13.  Ellis alleges that he was held in custody for several hours, and suffered physical and emotional injuries.  **Id**. ¶¶ 14, 19.  The charges were eventually dismissed after Ellis had made several court appearances and had retained counsel to represent him.  **Id**. ¶¶ 17-18.

Ellis filed this action on June 22, 2006.  On October 6, Judge Swain issued a pretrial scheduling order, which set an initial discovery deadline of February 28, 2007.  This deadline was extended by the Court, initially to March 15 and later to March 31.  On June 1, the City subpoenaed, from the Internal Revenue Service, Ellis's tax returns for the years 2001 through 2006.  Ellis moved to quash the subpoena on the grounds that: 1) the request was an untimely attempt to engage in additional discovery after the cut-off date set by the Court; and 2) it requires the disclosure of confidential material and no exception or waiver applies.  Plaintiff's Motion to Quash Subpoena ("Pl. Mot."), at 1.  The City argues that the subpoena is not untimely because they requested the tax returns at Ellis's deposition, where Ellis did not object to the production and indicated that he would provide the releases.  Defendants' Motion in Opposition to Plaintiff's Motion to Quash Subpoena and for Order Compelling Plaintiff to Provide a Release Permitting Access to his Arrest Records ("Def. Mot."), at 4.  The City states that it did not move to compel the tax returns earlier because the information did not appear critical at the time.

However, based on their discovery of Ellis's criminal history, the City now believes that the "income tax records would be useful to defendant for purposes of impeaching plaintiff concerning his uses of aliases and different dates of birth." **Id**.

In its motion in opposition to Ellis's motion to quash the subpoena, the City also moves to compel Ellis to sign releases so that it can obtain his sealed arrest records. **Id**. at 3-4. The City argues that they are entitled to this information because Ellis is seeking damages for both emotional and physical injuries arising out of his arrest, which makes his past arrests and detentions potentially relevant. **Id**. In addition, the City argues that it cannot be accused of being untimely in their arrest because they were relying on Ellis's representations that he had only been arrested on one previous occasion. **Id**. The City did not find out that this information was inaccurate until it received a report from the Civilian Complaint Review Board (CCRB) concerning unrelated CCRB complaints filed by Ellis. **Id**. at 1. Ellis objects to the City's motion to compel, which he characterizes as a motion to reopen discovery, on the ground that it is untimely. Plaintiff's Opposition to Defendants' Motion to Compel Releases ("Pl. Opp'n"), at 1. He claims that the City has not shown good cause why their request, which comes after the close of discovery and the submission of the joint pretrial order, joint jury instructions and proposed voir dire questions, should be granted, and that such good cause is required under the Federal Rules of Civil Procedure and Judge Swain's pretrial scheduling order. **Id**. at 1-2. In addition, Ellis argues that the City could have obtained the CCRB report at any point after the filing of the complaint because CCRB is a city agency that would have honored a request by the City. **Id**.

3

### III.  DISCUSSION

#### A.  The Legal Standard

The Federal Rules provide for courts to enter a scheduling order for the completion of discovery, and such order "shall not be modified except upon a showing of good cause" and by leave of the court.  Fed. R. Civ. P. 16(b).  The scope of discovery is generally limited to any matter, not privileged, which is relevant to the subject matter of the pending action or appears reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b).  "Relevancy is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  **Carey v. Berisford Metals Corp.**, 1991 WL 44843, at *7 (S.D.N.Y. Mar. 28, 1991) (*quotations and citation omitted*).  The Court has broad discretion in managing discovery.  **Wills v. Amerada Hess Corp.**, 379 F.3d 32, 41 (2d Cir. 2004); **In re Fitch, Inc.**, 330 F.3d 104, 108 (2d Cir. 2003); **Cruden v. Bank of New York**, 957 F.2d 961, 972 (2d Cir. 1992).

#### B.  Motion to Quash Subpoena

Under Rule 45(c)(3)(A), a court can quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies . . ."  Fed. R. Civ. P. 45(c)(3)(A).  Tax returns qualify as protected matter, and "[c]ourts have been reluctant to require disclosure of tax returns because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"  **Rahman v. Smith & Wollensky Rest. Group, Inc.**, 2007 WL 1521117, at *7 (S.D.N.Y. May 24, 2007) (*quoting* **Smith v. Bader**, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)).  The standard for ordering disclosure is two-part; the moving party must demonstrate that 1) the

returns are relevant to the subject matter of the action and 2) a compelling need for the information.  **Id**. (*citing* **Hazeldine v. Beverage Media, Ltd.**, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997)).

      Here, the City has failed to meet either prong of the standard.  First, Ellis's tax returns are not relevant to his action.  He is not claiming lost wages or other losses related to his income.  While the City argues that the tax returns would be "useful" for purposes of impeachment, this does not make them relevant to the subject matter of the action.  In addition, while the City alleges that Ellis has used different aliases and dates of birth, they do not offer any evidence that his tax returns will support this allegation.  Rather, it simply suggests that all information has become "suspect" in light of Ellis's criminal history.  The City has failed to demonstrate the relevance of the tax returns to the instant action.  Second, the City has also failed to establish a compelling need for the information.  It does not assert that it needs the financial information contained in the returns, but instead that it wants to investigate whether Ellis used aliases or alternate dates of birth on his tax returns.  Because the City already has documentation of the aliases and dates of birth, which it will presumably attempt to use for impeachment purposes, it fails to demonstrate a compelling need for Ellis's tax returns, which have only the potential of containing similar information.  Therefore, Ellis's motion to quash the City's subpoena for Ellis's tax returns is **GRANTED**.

      The City's attempt to obtain Ellis's tax records is also untimely.  Had the City properly requested the records during discovery, the appropriate remedy would have been to file a motion to compel, and not issue a subpoena after the close of discovery.  Whether or not the City's verbal request during deposition was sufficient is questionable, but the lack of diligence in failing

to either follow up on the request or move to compel makes the current request untimely.

## C. Motion to Compel Release

In order to grant the City's motion to compel Ellis to sign releases allowing it to obtain his sealed arrest records, it must demonstrate good cause for its failure to comply with the scheduling order. The issue is not whether the information is relevant, and thus discoverable, but rather whether the City could have reasonably been expected to seek the information during the time allotted for discovery. Here, Ellis alleged both emotional and physical injuries arising out of his arrest and detention in his initial complaint, which was filed on June 22, 2006. Initial Complaint ¶¶ 13, 18. Ellis then reiterated these claims in his first amended complaint filed on January 11, 2007. Compl. ¶¶ 14, 19. The City was on notice of these claims, and the potential relevance of Ellis's arrest record. While the City asserts that it should not be faulted for being untimely because it was relying on Ellis's representations about his criminal history, its alleged reliance is not convincing. Parties make many representations during discovery, but the other party is not required to accept those representations in lieu of discovery. Had the City moved to compel Ellis to sign releases during discovery, Ellis certainly could not have relied on his representation to defeat discovery requests on this topic. Indeed it is inconceivable to the Court that had the circumstances been reversed, and Ellis had sought to prevent discovery because he had already testified about arrests, that the city would "rely" on this representation. The City fails to demonstrate sufficient good cause to justify allowing additional discovery at this late stage in the case, after the submission of the joint pretrial order, joint jury instructions and proposed voir dire questions. Therefore, the City's motion to compel is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to quash the City's subpoena for plaintiff's tax returns is **GRANTED**; and the City's motion to compel the release of plaintiff's arrest record is **DENIED**.

**SO ORDERED this 15th day of June 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**