UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ELLIS,

       Plaintiff,

-v-                                           No. 06 Civ. 4827 (LTS)(RLE)

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL LA VECCHIA and
SERGEANT JAY SANTANA,

       Defendants.

-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 8 2007
```

### ORDER RESOLVING MOTIONS IN LIMINE AND DISMISSING CLAIMS AGAINST THE CITY OF NEW YORK

       For the reasons stated on the record of the June 14, 2007, final pre-trial conference in this matter,

       **The Court makes the following rulings with respect to the Defendants' May 14, 2007, Motions in Limine:**

       First Motion in Limine:

       Defendants' application to preclude Plaintiff from introducing evidence of a past CCRB complaint against defendant La Vecchia is GRANTED, without prejudice to renewal in the event Plaintiff asserts that Defendants have opened the door to introduction of such evidence;

       Second Motion in Limine:

       Defendants' application to call Officer Weng as a witness at trial is GRANTED, provided that Defendants shall make Officer Weng available to Plaintiff at a reasonable time prior to trial for a deposition;

       Third Motion in Limine:

       Defendants' third Motion in Limine has been resolved as stipulated on the record;

       Fourth Motion in Limine:

       Decision is RESERVED to trial as to Defendants' motion to preclude the

introduction of the August 15, 2007, letter to the New York City Police Department (Plaintiff's Exh. 1);

### Fifth Motion in Limine:

Defendants' application to preclude Plaintiff from entering into evidence certain certificates of disposition is DENIED;

### Sixth Motion In Limine:

Decision concerning Defendants' application to preclude Plaintiff from introducing Officer Garret's CCRB statements and other CCRB documents is RESERVED to the time of trial;

### Seventh Motion in Limine; Stipulated Dismissal of Action as Against the City of New York:

Plaintiff having withdrawn his Monell claim against the City of New York, this action is hereby dismissed with prejudice as against the defendant City of New York. The Clerk of Court is hereby requested to terminate the City of New York as a defendant, and the caption of this action is hereby amended to exclude the City of New York.

**The Court makes the following rulings with respect to the Defendants' May 23, 2007, supplemental Motions in Limine:**

The Court GRANTS Defendants' May 23, 2007, application to introduce evidence of the existence of Plaintiff's 1987 felony conviction to the extent that Defendants may elicit oral testimony concerning the conviction without divulging the specific nature of the conviction. The Court RESERVES until trial decision as to any evidentiary proffers of documentation in connection with this conviction;

The Court GRANTS Defendants' May 23, 2007, application to introduce evidence of the existence of Plaintiff's prior criminal violations to the extent that Defendants may elicit oral testimony concerning the violations without divulging the specific nature of those violations. The Court RESERVES to the trial decision as to any evidentiary proffers of documentation in connection with the violations;

The Court GRANTS Defendants' May 23, 2007, application for permission to inquire as to whether Plaintiff had been handcuffed at the time of his prior arrests, and the length of detention in connection with those prior arrests;

The Court GRANTS Defendants' May 23, 2007, application for permission to inquire as to Plaintiff's use of aliases and multiple dates of birth. Decision is RESERVED to trial as to any proffer of evidence that such aliases or dates of birth were used in connection with arrests; and

**The Court makes the following rulings with respect to the Plaintiff's May 15, 2007, supplemental Motion in Limine:**

The Court DENIES Plaintiff's May 15, 2007, application for permission to preclude the introduction of the document entitled "Prisoner Holding Pen Roster," provided that Defendants shall, upon Plaintiff's request, make the relevant witnesses(es) available for deposition prior to trial.

SO ORDERED.

Dated: New York, New York
       June 18, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge